UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARIANELA THOMPSON,

                         Plaintiff,           **MEMORANDUM AND ORDER**
                                                             15-CV-3716 (RRM) (RER)
  -against-

RISING STAR BEAUTY SALON INC.; GENE
KEALON; and ARTIS BEATTY,

                         Defendants.
------------------------------------------------------------------X

       Plaintiff Marianela Thompson, through counsel, brings this action against defendants Rising Star Beauty Salon Incorporated, Gene Kealon, and Artis Beatty. (Compl. (Doc. No. 1).) Thompson alleges that defendants discriminated against her on the basis of her disability, in violation of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12181 *et. seq.*, and related state law. (*Id.*) After defendants failed to file an Answer, appear, or otherwise defend the action, Thompson requested a Certificate of Default. (*See* Certificate of Default (Doc. No. 9).) The Clerk of the Court entered default on December 4, 2015. (Entry of Default (Doc. No. 10).) On February 25, 2016, the Court granted Thompson's motion for default judgment and referred the motion to the magistrate judge assigned to the case, the Honorable Ramon E. Reyes, Jr., for an inquest on damages. (*See* 2/25/16 Order.)

       On December 23, 2016, Magistrate Judge Reyes issued a Report and Recommendation ("R&R") recommending that default judgment be entered in favor of Thompson in the amount of $5,196.99. (R&R (Doc. No. 13).) Magistrate Judge Reyes also ordered Thompson "to serve copies of th[e] report and recommendation upon Defendants by next-day mail by December 28, 2016, at each of their last known addresses, and to promptly file proof of service with the Clerk of the Court." (*See id.*) Thompson failed to file such proof of service, nor has Thompson

communicated with the Court in any way since the filing of the R&R. As such, by Order dated April 13, 2017, the Court ordered Thompson to show cause by April 21, 2017 why this action should not be dismissed for failure to prosecute. (*See* 4/13/17 Order.)

That deadline has now passed, and Thompson has failed to either comply with the Court's Order or contact the Court. Accordingly, for the reasons set forth below, this action is dismissed for failure to prosecute.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41(b)"), authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order." A district court contemplating dismissal for failure to prosecute must consider the following five factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] . . . the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5] . . . the efficacy of lesser sanctions.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2016) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)); *accord Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193–94 (2d Cir. 1999). No one factor is dispositive. *Shannon*, 186 F.3d at 194. Viewing the record here as a whole, all factors weigh in favor of dismissal.

It is important to note at the outset that Thompson was represented by counsel at all times during the pendency of this litigation. Thompson did not file proof of service of the R&R by December 28, 2016, after being prompted to do so by Magistrate Judge Reyes. (*See* R&R at 8–9.) Thompson has not complied with Magistrate Judge Reyes's order for over six months, even after she was again prompted to file proof of service on April 13, 2017. (*See* 4/13/17 Order.)

2

Under the circumstances, a delay of more than six months weighs in favor of dismissal. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (noting that a delay of a "matter of months" may warrant dismissal); *see also Brown v. Gen. Nutrition Companies*, 356 F. App'x 482, 486 (2d Cir. 2009) (finding plaintiff's four-month delay was not insignificant). Moreover, Thompson was on notice that further delay would result in dismissal. By Order on April 13, 2017, after more than three months of inaction by Thompson, the Court ordered Thompson to show cause in writing, by April 21, 2017, why this action should not be dismissed for failure to prosecute. (4/13/17 Order.) Given such notice, factor two weighs in favor of dismissal. *See, e.g.*, *Brow v. City of New York*, 391 F. App'x 935, 937 (2d Cir. 2010) (affirming dismissal of complaint where the court had given plaintiff notice that failure to attend his deposition would result in dismissal).

With respect to prejudice, prejudice to defendants resulting from an unreasonable delay in prosecution may be presumed as a matter of law. *See, e.g.*, *Shannon*, 186 F.3d at 195 (presuming prejudice because "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult"); *Lyell Theatre*, 682 F.2d 37, 43 (presuming prejudice where the plaintiff, on numerous occasions, failed to file documents as directed by the court); *Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993) (presuming prejudice because a defendant's witnesses may be unavailable or their recollection of the event at issue may diminish after an unreasonable delay). Here, Thompson has offered no excuse for her delay in effectuating service despite ample opportunity to do so, and her delay of more than six months increases the likelihood that evidence in support of the defendant's position will be lost. Furthermore, the interest in alleviating court calendar congestion – congestion exacerbated by Thompson's non-

responsiveness – outweighs any interest in preserving the fair chance to be heard and due process rights of a party that, despite several opportunities, has expressed no interest in preserving those rights. Magistrate Judge Reyes gave Thompson an opportunity to object to the R&R and effectuate service of the R&R, and this Court gave Thompson an opportunity to show cause in writing why this action should not be dismissed, all of which preserved Thompson's due process rights and opportunity to be heard. (*See* R&R at 8–9; 4/13/17 Order.) Nonetheless, Thompson has made no effort to assert her rights. Given Thompson's failure to comply with the Court's order warning of possible dismissal, it is unlikely that a sanction short of dismissal would be effective. *See Brow*, 391 F. App'x at 937 ("[P]laintiff's failure to comply with the order warning him of the possibility of dismissal demonstrated that lesser sanctions would be ineffective . . . ."); *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008) (holding that "it is . . . unclear that a 'lesser sanction' would have proved effective" in light of plaintiff's failure to respond to district court's notice). Accordingly, the balance of all factors tips decidedly in favor of dismissing Thompson's action without prejudice for failure to prosecute or comply with a court order under Rule 41(b).

## CONCLUSION

For the foregoing reasons, Thompson's action is dismissed pursuant to Rule 41(b). The Clerk of Court is directed to mail a copy of this Memorandum and Order to the defendants, enter the accompanying Judgment, and close the case.

SO ORDERED.

Dated: Brooklyn, New York
       September 5, 2017

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge